UNITED STATES of America, Appellee,

v.

Robert GLENN, Marion Glenn, Kenneth Sellers and Mary Sellers, Appellants.

No. 78–1165.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1978.

Decided Oct. 17, 1978.

Rehearing Denied Nov. 17, 1978.

Bruce Nangle, Nangle & Nangle, Clayton, Mo., filed brief for appellants.

Robert D. Kingsland, U. S. Atty., and Joseph B. Moore, Asst. U. S. Atty., St. Louis, Mo., filed brief for appellee.

Robert G. Brady, Jerome M. Rubenstein and G. William Weier, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., filed brief for third-party defendant-appellee Commerce Bank of St. Louis.

1. Also joined as defendants in the district court were Glenn and Mary Beecher. The Beechers did not appeal.

2. Defendants' cross-claim against Beecher for fraud was pending in the district court at the time of appeal. Commerce Bank initially contends that the district court's order is not a final judgment because it contains no express determination by the district court that there

Before LAY, BRIGHT and ROSS, Circuit Judges.

LAY, Circuit Judge.

The United States brought this action against Robert and Mary Glenn and Kenneth and Mary Sellers [1] on guaranty agreements executed by the defendants in conjunction with an SBA-guaranteed loan to County Intelligence and Security Systems, Inc. Robert Glenn, Kenneth Sellers and Glenn Beecher are shareholders in County Intelligence. Commerce Bank of St. Louis, N.A., the lender, took the guarantees as collateral for the note to County Intelligence. Upon default Commerce Bank assigned the note and personal guarantees to the Small Business Administration. Defendants admitted execution of the note and their personal guarantees and lack of payment but denied default.

Prior to trial the defendants moved pursuant to Rule 19(a), Fed.R.Civ.P., to add Commerce Bank as a third-party defendant. Their third-party complaint alleged (1) that Commerce Bank negligently accepted from defendant Beecher a forged checking account agreement which resulted in unauthorized withdrawals of corporate funds; and (2) that Commerce Bank disbursed the loan proceeds in violation of the loan agreement. The district court ruled that Commerce Bank could not be joined under Rule 19(a) because the issues raised by the third-party complaint were ancillary to the lawsuit. The court also ruled that the third-party complaint could not be maintained under Rule 14, Fed.R.Civ.P., because its allegations raised separate and independent claims against Commerce Bank. Subsequently the district court granted the United States' motion for summary judgment. This appeal followed.[2]

was no just reason for delay for entering the judgment as required by Rule 54(b), Fed.R. Civ.P. We disagree. Although the district court did not make an express finding, there is no doubt that the district court intended its orders to be final judgments for purposes of appeal. See Sargent v. Johnson, 521 F.2d 1260, 1263 n.4 (8th Cir. 1975); 10 C. Wright & A. Miller, Federal Practice and Procedure § 2660 (1973).

■ Defendants first contend that the district court erred in dismissing their motion to add Commerce Bank as a necessary and indispensable party under Rule 19(a). We do not agree. It is clear that Commerce Bank does not fall within the provisions of subdivision (1) of Rule 19(a) as a person in whose absence complete relief cannot be accorded "among those already parties." The court could determine—as it did by summary judgment—the liability under the guarantee agreements without the joinder of Commerce Bank. The defendants may have a claim against Commerce Bank, but that is of no concern here. Nor is Commerce Bank a person to be joined under the provisions of subdivision (2) of Rule 19(a). Commerce Bank claims no interest in the controversy between the United States and defendants. Thus Commerce Bank is not a person "who claims an interest in the subject matter." Accordingly Commerce Bank is not a "person to be joined if feasible" under the provisions of Rule 19(a). We likewise find that the district court did not abuse its discretion in dismissing the motion to join Commerce Bank as· a third-party defendant under Rule 14, Fed.R.Civ.P.

Defendants next contend that the district court erred in granting summary judgment to the United States on the grounds (1) that the promissory note guaranteed by them was not supported by consideration; and (2) that Commerce Bank negligently accepted a forged corporate resolution which resulted in the unauthorized withdrawal of corporate funds. We agree with the district court that neither contention raises an issue of material fact.

■ Defendants admitted execution of the note, which recites that it was executed "for value received." Under Missouri law a presumption exists that a note has been executed for valuable consideration. *Sloan v. Paris*, 541 S.W.2d 316, 320 (Mo.App.1976). The only evidence offered to rebut the presumption is a cashier's check drawn on the same day the loan was closed. The check appears to show County Intelligence and Commerce Bank as remitters and a third party as payee. That check, however, standing alone, is insufficient to raise a material question of fact concerning the alleged affirmative defense. The affidavits add no weight to the contention.

■ Defendants also argue that at the time County Intelligence's corporate checking account was established in July 1973, an understanding existed between Commerce Bank and the defendants that two officers' signatures would be required on all checks drawn on the account. It is argued that this understanding was in effect when the March 1974 loan was executed and that, unknown to the defendants, Beecher altered the signature card for the checking account. Defendants contend that Commerce Bank negligently accepted the forged signature card and that Commerce Bank's negligence relieves defendants of their liability under the guarantee agreements. We disagree. The defendants are bound by their unconditional written guarantees. *See United States v. Outriggers, Inc.*, 549 F.2d 337 (5th Cir. 1977). Whether Commerce Bank and the defendants had the understanding as alleged is not relevant to defendants' liability under the guarantee agreements.

The district court's orders are affirmed.