FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity, et al., Plaintiffs,

v.

John W. NEWHART, et al., Defendants.

No. 87–6078–CV–SJ–8.

United States District Court, W.D. Missouri, St. Joseph Division.

Feb. 17, 1989.

in its capacity as appointed receiver for Farmers State Bank (Bank). The FDIC, in its corporate capacity, later purchased the notes from the receiver. After the suit was filed defendant Merchants Asset Management Corporation (Merchants) purchased the notes in Counts I through VI of plaintiffs' complaint and, consequently, was substituted as a party plaintiff in those counts. The FDIC remains the holder of the note at issue in Count VII. The case is currently before the court on the FDIC's motion for summary judgment on Count VII of the complaint and on Merchants' motion for summary judgment as to Counts IV, V and VI of the complaint.[1] In addition, defendant Newhart has filed a motion for default judgment[2] alleging that plaintiffs have failed to answer the counterclaim contained in his answer filed on August 17, 1987. The court will address plaintiffs' summary judgment motions together as the issues involved in those motions are similar. The court will then address defendant's motion.

### I. *Plaintiffs' Summary Judgment Motions*

In his answer to plaintiffs' complaint Newhart admits that he executed the notes at issue in Counts IV through VII of the complaint but he denies that value or consideration was received for the notes since he did not receive any of the proceeds of the notes. Each of the notes, however, stated that they were executed "for value received." *See* Exhibits 4 through 7 to Plaintiffs' Complaint. Newhart also alleges that he is not liable because the Bank extended the notes without his consent and, therefore, discharged him from liability. Finally, he alleges that the Bank, through its officers, knew that he was signing the notes only as a surety and not with any liability.

Steven M. Leigh, Martin, Leigh & Laws, Kansas City, Mo., for plaintiffs.

John W. Newhart, St. Joseph, Mo., pro se.

### ORDER

STEVENS, District Judge.

Plaintiffs brought this lawsuit to recover the unpaid balance on seven promissory notes. The Federal Deposit Insurance Corporation (FDIC) acquired all of these notes

---

1. On July 21, 1988 the court entered its order of default judgment against defendant J.R. Woody on Counts I through VI of the complaint as to Merchants and on Count VII of the complaint as to the FDIC. Defendant Newhart was not a party to the notes at issue in Counts I through III.

2. Actually, the motion is styled a motion for summary judgment pursuant to Fed.R.Civ.P. 56(b). Since defendant's claim is based on plaintiffs' failure to answer his counterclaim the motion would more appropriately be styled a motion for default judgment pursuant to Fed.R. Civ.P. 55.

This court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In making this determination the court is guided by the Supreme Court's reminder that summary judgment is "properly regarded not as a disfavored procedural shortcut but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 1). Thus,

> Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried ... but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.

*Id. See also Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) ("When the moving party has carried its burden of Rule 56(c), its opponents must do more than simply show that there is some metaphysical doubt as to the material facts.... In the language of the Rule, the non-moving party must come forward with 'specific facts showing that there is a *genuine issue for trial.*'") (footnote and citations omitted) (emphasis in original); *Osborn v. E.F. Hutton & Co., Inc.*, 853 F.2d 616, 618 (8th Cir.1988) ("In order to preclude the entry of summary judgment it is incumbent upon the non-moving party to make a sufficient showing on every essential element of its case on which it bears the burden of proof."). Suits brought "to enforce promissory notes are among the most suitable classes of cases for summary judgment, especially when the moving party shows execution, delivery and amount of the note." *FDIC v. Willis*, 497 F.Supp. 272, 276 (S.D.Ga.1980).

■ Newhart argues that summary judgment is inappropriate in this case because material issues of fact exist on the viability of his defenses of lack of consideration, discharge, and the effect of an alleged agreement with the Bank that defendant was not liable on the note. None of these defenses is sufficient to preclude the entry of summary judgment, however, since the FDIC acquired the notes through a purchase and asset agreement and, therefore, took the notes as a holder in due course.

■ Newhart first contends that the notes were not supported by consideration since he did not receive the proceeds of any of the notes. The notes themselves, however, specifically state that value was received. Under Missouri law "proof of consideration is not required of an obligee who brings an action on a written agreement which imports a consideration...." *Empire Gas Corp. v. Small's LP Gas Co.*, 637 S.W.2d 239, 246 (Mo.App.1982). Indeed, a note which recites that it is " 'for value received' is prima facie evidence of consideration to support that agreement." *Gover v. Empire Bank*, 574 S.W.2d 464, 468 (Mo. App.1978). *See also United States v. Glenn*, 585 F.2d 366, 368 (8th Cir.1978) ("Under Missouri law a presumption exists that a note has been executed for valuable consideration" especially if the note recites that it was executed "for value received."). The fact that Newhart did not receive the proceeds of the loan is not sufficient to rebut the presumption of consideration. *Wyckoff v. Commerce Bank of Kansas City*, 561 S.W.2d 399, 401–402 (Mo.App. 1977) ("[I]t is the settled rule that a single consideration which moves to any one of two or more contemporaneous comakers of a note will be adequate and sufficient to support the undertaking of them all.") (quoting *Will v. Trumpelman*, 171 S.W.2d 732, 734 (Mo.App.1943)). Thus, Newhart's lack of consideration defense is without merit.

■ Newhart next argues that he was discharged from any obligation he may

have had on the note when the Bank extended the note without notifying him. The note provides, however, that "all parties to this instrument, whether as maker, co-maker, endorser, or guarantor, hereby waive presentment, protest, demand, notice of dishonor or default *and agree to any and all renewals, extensions ... without notice to and without affecting the liability* of the undersigned...." *See* Exhibits 1 through 7 of Plaintiff's Complaint. This waiver of notice provision is sufficient to hold Newhart liable on the note. *Adelman v. Centerre Bank of Kansas City,* 696 S.W.2d 802, 804 (Mo.App.1985). In addition, basic principles of contract law require that the court give full effect to the unambiguous language of the note. If there are "no ambiguities in the note's terms, the intentions of the parties are to be ascertained by the court as a question of law within the four corners of that document and it alone." *Rouggly v. Whitman,* 592 S.W.2d 516, 519 (Mo.App.1979). *See also Bradley v. Buffington,* 500 S.W.2d 314, 318 (Mo.App.1973) ("Intent is gleaned from the four corners of the instrument and disclosed by the language used as contradistinguished from any secret intent."). Thus, the fact that Newhart alleges that the Bank knew that he signed the note only as a surety is not dispositive since the note itself does not contain any language to this effect.

The fact that no writing memorializes Newhart's alleged agreement with the Bank is especially important since the FDIC is attempting to recover on the notes in its corporate capacity. Federal common law has long held that there is a "federal policy to protect [the FDIC] and the public funds which it administers, against misrepresentations...." *D'Oench, Duhme & Co. v. FDIC,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942). This common law policy was codified in the Federal Deposit Insurance Act of 1950, 12 U.S.C. § 1823(e). Under this section of the Act

> no agreement which tends to diminish the right, title or interests of the corporation [FDIC] in any asset acquired by it under this section, either as security for a loan or by purchase, shall be valid against the Corporation unless such agreement (1) shall be in writing, (2) shall have been executed by the bank and the person or persons claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the bank, (3) shall have been approved by the board of directors of the bank or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) shall have been, continuously, from the time of its execution, an official record of the bank.

Courts have strictly construed these requirements and have held that an individual cannot assert a defense against the FDIC unless all four requirements are met. If one or more requirements are not met the FDIC obtains a note as a holder in due course when it acquires the note pursuant to a purchase and assumption agreement. *Langley v. FDIC,* 484 U.S. 86, 108 S.Ct. 396, 402, 98 L.Ed.2d 340 (1987). *See also FDIC v. Wood,* 758 F.2d 156, 159 (6th Cir.), *cert. denied,* 474 U.S. 944, 106 S.Ct. 308, 88 L.Ed.2d 286 (1985) ("When the FDIC in its corporate capacity, as part of a purchase and assumption transaction, acquires a note in good faith, for value, and without actual knowledge of any defense against the note, it takes the note free of all defenses that would not prevail against a holder in due course."); *FDIC v. Merchants National Bank of Mobile,* 725 F.2d 634, 635 (11th Cir.), *cert. denied,* 469 U.S. 829, 105 S.Ct. 114, 83 L.Ed.2d 57 (1984) (Section 1823(e) gives "to assets acquired by the Federal Deposit Insurance Corporation special protections that are not available to ordinary holders of commercial paper and are not dependent upon whether FDIC would qualify as a holder in due course under state law.").

Courts require strict compliance with section 1823(e) to insure that federal or state bank examiners reviewing a bank's records can make reliable evaluations of whether to liquidate the bank's assets without wondering whether secret agreements exist between the bank and the obligee. *See, e.g., FDIC v. La Rambla Shopping Center,* 791

F.2d 215, 219 (1st Cir.1986) (Section 1823(e) "protects the FDIC when, as a corporation, it buys assets ... against the risks that those assets come accompanied with liabilities that the FDIC cannot readily ascertain from its examination of the bank's books.").

Both the language and policy of section 1823(e) negate Newhart's argument that he cannot be held liable under the notes since the FDIC would not be considered a holder in due course under Missouri law. The terms of section 1823(e) preempt Missouri law so that even if plaintiff had an agreement with the officers at the Bank that he was not liable on the note the agreement is not valid in this case since it was not in writing, the first requirement of section 1823(e). As one district court within this circuit has noted "[i]f any one of the four requirements of section 1823(e) is shown to be unsatisfied, any side agreement between [the obligee] and the Bank is not enforceable against the FDIC.... Section 1823 does not grant the court discretion to balance the equities in determining whether an agreement can be enforced." *FDIC v. Manatt*, 688 F.Supp. 1327, 1329 (E.D.Ark. 1988) (citations omitted). Thus, no issue of material fact exists on the FDIC's Count VII claim against Newhart and summary judgment is appropriate on that count.

■ Newhart argues that even if the FDIC is protected by holder in due course status, Merchants cannot claim that protection since it obtained the notes in a subsequent purchase from the FDIC. This argument has been expressly rejected in this district. *See Maple Tree Investments, Inc. v. Johnson*, No. 88–6018–CV–SJ–6 (W.D.Mo. Oct. 24, 1988) (unpublished opinion). Victoria Johnson, one of the defendants in *Maple Tree*, had guaranteed a note that the FDIC purchased in its corporate capacity from receiver FDIC which acquired the note from the failed First Stock Yards Bank. The FDIC then sold the note to Merchants. Johnson acknowledged that her defenses to the guarantee had been cut off by the FDIC's acquisition of the note, but argued that Maple Tree could not assert the FDIC's holder in due

course status. The court disagreed, holding that Johnson's defenses could not "be revived simply because the FDIC transferred the note to a third party." *Id.* at 11. *See also Maple Tree Investments, Inc. v. Cole*, 87–6037–CV–SJ–6 (W.D.Mo. Oct. 27, 1988) (unpublished opinion) (Once "a defense is cut off by corporate FDIC's acquisition of the guaranty agreement, it cannot be revived simply because the FDIC transferred the note to Maple Tree Investments."). The court finds the reasoning of these two cases to be compelling, especially since a contrary result would emasculate the policy behind section 1823(e) of encouraging the FDIC to participate in transfer agreements: if the FDIC was not allowed to transfer its holder in due course status to subsequent buyers there would be less of an incentive for the FDIC to protect the assets of failing banks since the FDIC would have a smaller market for the notes that it acquires in its corporate capacity. As a result, this court finds that the FDIC's transfer of the notes at issue in Counts IV, V and VI included the transfer of holder in due course status to Merchants and, therefore, Merchants is entitled to summary judgment on Counts IV, V and VI. The affidavits currently on file detailing the amount of principal and interest due on the notes are outdated, however. As a result, the court will require the plaintiffs to submit more current affidavits detailing the principal and interest due as of this date before an exact amount of judgment is entered.

## II. *Defendant's Motion for Default Judgment*

■ Finally, defendant seeks entry of a default judgment on its "counterclaim" against plaintiffs based on the fact that neither plaintiff answered the counterclaim. Defendant's alleged counterclaim is contained in its answer to plaintiffs' complaint but is titled "Count Two" of the answer rather than "Counterclaim." Plaintiffs argue that since the counterclaim was not "denominated as such" in accordance with Fed.R.Civ.P. 7(a) no reply was necessary. *See also Shelter Mutual Insurance Co. v. Public Water Supply District No. 7*

*of Jefferson County, Missouri,* 747 F.2d 1195, 1198 (8th Cir.1984) ("If a counterclaim is to be asserted, it should be designated and pleaded as such.").

Although defendant's counterclaim is not in strict conformity with the Federal Rules of Civil Procedure the court will allow defendant to assert its claim since pleadings which are filed *pro se* are subject to "less stringent standards than formal pleadings drafted by lawyers." *Malek v. Camp,* 822 F.2d 812, 814 (8th Cir.1987) (quoting *Toombs v. Bell,* 798 F.2d 297, 298 (8th Cir.1986)). The court will not, however, enter default judgment on the claims asserted by defendant in the counterclaim since plaintiffs were not given the notice anticipated by the drafters of Fed.R.Civ.P. 7(a). As a result, the court will grant plaintiffs leave to file their answers to the counterclaim out of time.

The court notes that allowing plaintiffs to answer the counterclaim out of time may be merely a technical exercise since the counterclaim, which alleges abusive service of process, appears to have little merit considering the court's ruling on plaintiffs' motions for summary judgment. Nonetheless, the court will give defendant an opportunity to respond to plaintiffs' answers. Accordingly, it is

ORDERED that the motion of the FDIC for summary judgment on Count VII of plaintiffs' complaint is granted. It is further

ORDERED that the motion of Merchants Management Asset Corporation for summary judgment on Counts IV, V and VI of plaintiffs' complaint is granted. It is further

ORDERED that defendant's motion for summary judgment is denied. It is further

ORDERED that plaintiffs shall file an answer to defendant's counterclaim within ten days of the date of this order. It is further

ORDERED that plaintiffs file updated affidavits listing the amounts of principal and interest owing on the notes at issue in Counts IV, V, VI and VII within fifteen days of the date of this order. Interest should be computed to today's date.