**WILLOW TREE INVESTMENTS, INC., Appellee,**

v.

**Frederick A. WAGNER, Mitzi K. Wagner, Appellants,**

**O'Brien County, Defendant.**

**No. 89-659.**

Supreme Court of Iowa.

April 18, 1990.

John P. Duffy of Connell & Duffy, P.C., Storm Lake, for appellants.

Chip Lowe of Adams, Howe & Zoss, P.C., Des Moines, for appellee.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, SNELL, and ANDREASEN, JJ.

SCHULTZ, Justice.

The Federal Deposit Insurance Corporation (FDIC) was appointed receiver of an insolvent bank and in its corporate capacity purchased a note and mortgage held by the bank. In turn, the FDIC sold these instruments to the plaintiff Willow Tree Investments, Inc. (Willow Tree). The makers of the note and mortgage, defendants Frederick A. Wagner and Mitzi K. Wagner, precipitated this action by refusing to honor the note because of an alleged oral agreement with the bank. The district court granted plaintiff's motion for summary judgment allowing foreclosure of the mortgage and a money judgment.

The issue in district court and on appeal is whether a purchaser of a negotiable instrument from the FDIC takes free from any oral commitment made by the failed bank in favor of the maker. The district court ruled in favor of the purchaser and we affirm.

 In reviewing a grant of summary judgment made pursuant to Iowa Rule of Civil Procedure 237(c), the question is whether the moving party has shown there is no genuine issue of material fact and is entitled to judgment on the merits as a matter of law. *Suss v. Schammel,* 375

N.W.2d 252, 254 (Iowa 1985). The burden of demonstrating that there is no material fact in dispute is upon the moving party. *Farm Bureau Mut. Ins. Co. v. Milne,* 424 N.W.2d 422, 423 (Iowa 1988). The party resisting the motion must show that the fact issue is such that if decided in its favor it would be a good defense to the action. *Orcutt v. Hanson,* 163 N.W.2d 914, 917 (Iowa 1969). We view the record in the light most favorable to the party opposing the motion. *Hildenbrand v. Cox,* 369 N.W.2d 411, 413 (Iowa 1985).

In ruling on the motion for summary judgment, the district court reviewed the record and concluded that "the facts in this case are not in dispute." We agree. In their resistance to the motion defendants admitted to the execution of the note and mortgage, conceding that the FDIC, in its corporate capacity, purchased the note and mortgage from itself as receiver. Defendants submitted affidavits indicating that when they signed the instruments they had an oral understanding with the bank. According to this oral agreement defendants would sell their farm land except for the homestead. The proceeds from this sale would serve as complete satisfaction of the note, leaving the homestead free and clear of the mortgage. Plaintiff does not contest the existence or terms of this agreement. The only issue before us is what effect this oral agreement has on plaintiff's ability to collect on the note.

Defendants made the additional claim for the first time during oral argument that the record did not state whether the FDIC acquired the bank's assets in its corporate capacity. We do not consider this claim as it is inconsistent with defendants' concession in their resistance that the FDIC purchased the instruments in its corporate capacity. Furthermore, defendants did not raise this issue in their appeal, although the trial court made a determination to the contrary.

I. Federal common law has long held that it is "federal policy to protect [the FDIC] and the public funds it administers against misrepresentations as to the securities or other assets in the portfolios of the banks." *FDIC v. Newhart,* 713 F.Supp. 320, 323 (W.D.Mo.) (quoting *D'Oench, Duhme & Co. v. FDIC,* 315 U.S. 447, 457, 62 S.Ct. 676, 679, 86 L.Ed. 956, 962 (1942)), *aff'd,* 892 F.2d 47 (8th Cir.1989). This is a rule of estoppel intended to prevent those parties who give notes to federally insured banks from raising defenses based on alleged secret agreements that they had with failed banks. *RSR Properties, Inc. v. FDIC,* 706 F.Supp. 524, 531 (W.D.Tex. 1989); *FDIC v. Hsi,* 657 F.Supp. 1333, 1337 (E.D.La.1986); *FDIC v. Oehlert,* 252 N.W.2d 728, 730–31 (Iowa 1977). The test for the application of the *D'Oench* doctrine is whether the borrower "lent himself to a scheme or arrangement whereby the banking authority ... was likely to be misled." *Beighley v. FDIC,* 868 F.2d 776, 784 (5th Cir.1989) (quoting *D'Oench,* 315 U.S. at 460, 62 S.Ct. at 681, 86 L.Ed. at 963–64). "[I]f the obligors may assert oral side agreements reducing the value of assets formerly held by the bank, then the FDIC would be misled." *Chatham Ventures, Inc. v. FDIC,* 651 F.2d 355, 361 (5th Cir. Unit B 1981), *cert. denied,* 456 U.S. 972, 102 S.Ct. 2234, 72 L.Ed.2d 845 (1982).

This principle has been codified in the Federal Deposit Insurance Act of 1950, as amended, 12 U.S.C.A. section 1823(e) (1989), which reads:

No agreement which tends to diminish or defeat the interest of the Corporation in any asset acquired by it under this section or section 1821 of this title, either as security for a loan or by purchase or as receiver of any insured depository institution, shall be valid against the Corporation unless such agreement—

(1) is in writing,

(2) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution,

(3) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and

(4) has been continuously, from the time of its execution an official record of the depository institution.

*Beighley,* 868 F.2d at 782; *FDIC v. Wood,* 758 F.2d 156, 159 (6th Cir.), *cert. denied,* 474 U.S. 944, 106 S.Ct. 308, 88 L.Ed.2d 286 (1985); *Hsi,* 657 F.Supp. at 1337.

Courts have applied this statute broadly. *See, e.g., Langley v. FDIC,* 484 U.S. 86, 94, 108 S.Ct. 396, 401–02, 98 L.Ed.2d 340, 348–49 (1987); *Beighley,* 868 F.2d at 784. While *D'Oench* specifically dealt with a knowing participant in a fraudulent scheme, courts have construed section 1823(e) to apply to agreements made by parties in good faith. *See Bell & Murphy and Assocs., Inc. v. Interfirst Bank Gateway, N.A.,* 894 F.2d 750, 753 (5th Cir. 1990) (citing *D'Oench,* 315 U.S. at 458–59, 62 S.Ct. at 679–80, 86 L.Ed. at 962–63); *Beighley,* 868 F.2d at 784; *Chatham,* 651 F.2d at 361. Defendants concede that their oral agreement does not meet the specifications of section 1823(e) and is not valid against the corporate FDIC.

■ Defendants claim that while the FDIC is granted special protection under section 1823(e), plaintiff, as purchaser, is not similarly insulated from the defenses that defendants could raise against the insolvent bank. They note that the statute only refers to the "corporation" and makes no mention of extending its provisions to assignees or purchasers.

We believe that the purpose of section 1823(e) would not be furthered by limiting the application of its provisions to the FDIC. One of the purposes behind section 1823(e) is to facilitate the purchase and assumption of failed banks. *Newhart,* 892 F.2d at 49. A speedy evaluation by the purchasing bank of the insolvent bank's assets is an essential element of this transaction. *Id.; Gunter v. Hutcheson,* 674 F.2d 862, 865 (11th Cir.), *cert. denied,* 459 U.S. 826, 103 S.Ct. 60, 74 L.Ed.2d 63 (1982). The FDIC can only make such evaluations if it can disregard secret oral agreements that may impair the value of those assets. *FDIC v. O'Neil,* 809 F.2d 350, 353 (7th Cir.1987). The FDIC is under no duty to examine the assets of a failed bank before it executes a purchase and assumption transaction. *Wood,* 758 F.2d at 162. In *Langley* the Court stated:

> One purpose of section 1823(e) is to allow federal and state bank examiners to rely on a bank's records in evaluating the worth of the bank's assets.... Neither the FDIC nor state banking authorities would be able to make reliable evaluations if bank records contained seemingly unqualified notes that are in fact subject to undisclosed conditions.

484 U.S. at 91, 108 S.Ct. at 401, 98 L.Ed.2d at 347. If the FDIC was not protected from oral side agreements not reflected in a bank's records, then it would be less interested in assuming the assets. *See Beighley,* 868 F.2d at 784.

Section 1823(e), however, is not only meant to ensure the FDIC's ability to rely on records when it acquires or examines a bank's assets.

> The statutory requirements that an agreement be approved by the bank's board or loan committee and filed contemporaneously ... assure prudent consideration of the loan before it is made, and protect against collusive reconstruction of loan terms by bank officials and borrowers (whose interests may well coincide when a bank is about to fail).

*Langley,* 484 U.S. at 95, 108 S.Ct. at 403, 98 L.Ed.2d at 349. If a subsequent purchaser was not similarly protected, there would be less of an incentive for it to purchase assets from the FDIC, and the entire scheme to ensure the swift transaction of monies without disrupting the banking process would be destroyed.

The *D'Oench* bar implies that the affirmative defenses and counterclaims which cannot be raised against the FDIC are equally barred as to entities taking the instruments from the FDIC. *RSR Properties,* 706 F.Supp. at 531. In order for the FDIC to successfully complete a purchase and assumption transaction pursuant to 12 U.S.C.A. section 1823(c)(2)(A) (1989), it must ultimately be able to resell the assets which it has acquired. The FDIC's protected status assures that subsequent purchas-

ers' acquisitions are not subject to hidden agreements which might diminish or defeat their value. The failure to extend this protection would undermine the statutory purposes of facilitating the continuance of normal banking operations and protecting the depositors and creditors of insolvent banks. *See Bell & Murphy*, 894 F.2d at 754. It would be contrary to these stated goals to allow a party to revive claims against the insolvent bank simply because the FDIC subsequently transferred the note to a third party.

number of courts addressing this issue that assignees and purchasers of the FDIC's assets "enjoy protection from claims or defenses based upon unrecorded side agreements." *Bell & Murphy*, 894 F.2d at 754; *accord Newhart*, 892 F.2d at 50; *Hood*, 95 B.R. 696, 701 (W.D.Mo.1989); *RSR Properties*, 706 F.Supp. at 531–32; *Deposit Recovery Corp. v. Santini*, 765 S.W.2d 764, 768 (Tenn.1988).

II. Defendants make the additional claim that plaintiff cannot be considered a holder in due course under state law. They point to Iowa Code section 554.3302(3)(c) (1989) for the proposition that a holder of an instrument does not become a holder in due course by purchasing it as part of a bulk transaction. While not addressing the question of whether plaintiff or the FDIC would be considered a holder in due course under Iowa law, we cite with approval the opinion of the Sixth Circuit Court of Appeals in *Wood:*

> We believe that, if state law mandates that the corporate FDIC cannot be a holder in due course, then application of state law would frustrate important objectives of the federal program.

758 F.2d at 159; *accord FDIC v. Cremona Co.*, 832 F.2d 959, 964 (6th Cir.1987), *cert. dismissed sub nom., Gonda v. FDIC*, 485 U.S. 1017, 108 S.Ct. 1494, 99 L.Ed.2d 879 (1988); *FDIC v. Merchants Nat'l Bank of Mobile*, 725 F.2d 634, 635 (11th Cir.), *cert. denied*, 469 U.S. 829, 105 S.Ct. 114, 83 L.Ed.2d 57 (1984). The district court in *Newhart* held:

> The terms of section 1823(e) preempt Missouri law so that even if plaintiff had

an agreement with the officers at the Bank that he was not liable on the note the agreement is not valid in this case since it was not in writing....

713 F.Supp. at 324. When the FDIC acquires notes in a purchase and assumption transaction, it acts in its corporate capacity and federal law applies. *Wood*, 758 F.2d at 159. Any fact issues arising from the application of section 554.3302(3)(c) are therefore irrelevant to the resolution of this case.

III. In summary, we believe that the trial court did not err in holding that plaintiff, by purchasing defendants' note and mortgage from the FDIC, acquired the special protection afforded the corporation under 12 U.S.C.A. section 1823(e). The oral agreement cannot, therefore, be raised as a defense against plaintiff's claim for damages. Any fact issues arising from the alleged oral agreement are irrelevant to plaintiff's cause of action, and the trial court was correct in granting its motion for summary judgment as a matter of law. We affirm the court's entry of judgment and subsequent decree.

AFFIRMED.