# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1074

_____

Michael Parton; Donald Yates; Terry   *
Walls; William Leonard; James   *
Bridgewater; Robert Smith; Ronald L.   *
Boyer; James King,   *
  *
        Plaintiffs,   *
  *
Jack Babcock; William Cooper; Larry   *
Schaal; Gerald Bereuter,   *
  *
        Appellants,   *
  *
     v.   *
  *
Carl White, in his official capacity as   *    Appeal from the United States
Superintendent and Chief   *    District Court for the
Administrative Officer at Missouri   *    Eastern District of Missouri.
Training Center for Men at Moberly,   *       [PUBLISHED]
Missouri; Clarence D. Smith, in his   *
official capacity as Director of the   *
Division of Adult Institutions,   *
Missouri Department of Corrections;   *
W. David Blackwell, in his official   *
capacity as Director of the Division of   *
Adult Institutions, Missouri Department   *
of Corrections; Lee Roy Black, in his   *
official capacity as the Director of the   *
Missouri Department of Corrections   *
and Human Resources,   *
  *
        Appellees.   *

_____

Submitted: January 13, 2000

Filed: February 11, 2000
_____

Before WOLLMAN, Chief Judge, RICHARD S. ARNOLD, and BEAM, Circuit
     Judges.
_____

PER CURIAM.

Four Missouri inmates, on behalf of a class of inmates, appeal from the district court's[1] order modifying a prison-conditions consent decree and denying a new trial motion. We affirm.

In 1982, inmates at the Missouri Training Center for Men (MTCM) in Moberly, Missouri, alleged in a class action that they were being subjected to unconstitutional overcrowding in the prison, which had a population of about 1,800. In 1983, the district court[2] approved a consent decree that required reduction of MTCM's population to 1,265 over seven years. In 1992, with the name of the prison changed to Moberly Correctional Center (MCC), the state moved to modify the consent decree to increase the population limit. After extensive litigation, the district court[3]

---

[1]The Honorable David D. Noce, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

[2]The Honorable John Regan, late a United States District Judge for the Eastern District of Missouri.

[3]The Honorable Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri, adopting the report and recommendations of Magistrate Judge David D. Noce.

permanently modified the decree to allow the inmate population at MCC to be increased to 1,500. In July 1995--citing Federal Rule of Civil Procedure 60(b)(5), 18 U.S.C. § 3626 (1994), and Rufo v. Inmates of Suffolk County Jail, 502 U.S. 367 (1992)--the state again moved for permanent modification of the consent decree, this time seeking to allow an increase in MCC's population to 1,800 inmates on the basis of improved physical conditions, a proposed increase in staff, and an unanticipated inmate population growth. In August 1995, five MCC inmates, acting pro se, sought substitution of counsel and to be appointed as class representatives. The district court denied this request without prejudice.

In October 1996--having previously granted the state's motion for an emergency modification to the consent decree--the district court granted a permanent increase in MCC's allowable inmate population to 1,800. Upon consideration of the information provided by the inmates, together with the evidentiary-hearing testimony, the district court found that (1) medical services were generally adequate for a population of 1,800; (2) the quality of food preparation and distribution had improved; (3) cell space was generally adequate for general population, protective custody (PC), and administrative custody inmates; and (4) reports of violence among inmates notwithstanding, the increase in staff, with increased proximity of correctional officers to inmates, militated against increased violence. Noting the wide discretion accorded to prison administrators, the district court concluded that the state had met the Rufo standards and that the changes in housing conditions and staffing increases that had occurred since the last modification of the consent decree enabled MCC to incarcerate 1,800 inmates under conditions that would not violate the inmates' constitutional rights.

Within ten days of the order, the inmates moved under Federal Rule of Civil Procedure 59(a) and (e) for a new trial or to amend the judgment, arguing that they had newly discovered evidence concerning the degeneration of conditions following the population increase, namely, the elimination of the PC inmates' freedom of movement.

Concluding that the new conditions were reasonable and constitutional, the district court denied the Rule 59 motion.

On appeal, the inmates, through counsel, argue that (1) the district court abused its discretion in modifying the decree, as the court overlooked evidence suggesting that violence has increased since the inmate population increased; (2) the state failed to demonstrate changed circumstances significant enough to warrant a modification, the modification is not suitably tailored, and the changed conditions, particularly the PC inmates' loss of freedom of movement, violate the Eighth Amendment; (3) the district court failed to support its permanent modification with the requisite findings under the Prison Litigation Reform Act (PLRA), as codified at 18 U.S.C. § 3626; and (4) the court erred in denying the new trial motion because the new evidence demonstrates that inmates transferred to Unit 2B have been subjected to near lockdown conditions, the state misrepresented the effect of the population increase, the court failed to address the inmates' reasonable alternatives, and the PC inmates' equal protection rights have been violated.

In a pro se supplemental brief filed with leave of this court, the inmates argue that Magistrate Judge Noce lacked jurisdiction to modify the decree because class representatives had not been appointed on behalf of the inmates and because the inmates never consented to proceed before a magistrate judge. They also argue that the modification is clearly erroneous in light of the unconstitutional conditions of confinement which the inmates outlined in their pro se objections to the motion to modify.

Initially, we conclude that the district court did not abuse its discretion in denying the inmates' request for substitute counsel, as they failed to show circumstances warranting substitution. See Rayes v. Johnson, 969 F.2d 700, 702-03 (8th Cir.), cert. denied, 506 U.S. 1021 (1992). We also conclude that the court properly denied the inmates' request to be appointed as class representatives, as they

failed to indicate why they were qualified to act in that capacity.  See Fed. R. Civ. P. 23(a)(4); Bishop v. Committee on Prof'l Ethics and Conduct of the Iowa State Bar Ass'n, 686 F.2d 1278, 1288 (8th Cir. 1982).  Further, we reject the inmates' argument that they failed to consent to proceed before a magistrate judge, as a form indicating the parties' consent to proceed to trial before Magistrate Judge Noce appears in the record.

Turning to the issue of modification, under Rule 60(b)(5), a court may modify a consent decree providing for prospective relief upon a showing that "a significant change in facts or law warrants revision of the decree and that the proposed modification is suitably tailored to the changed circumstance." Rufo, 502 U.S. at 393. Modification may be appropriate when changed factual conditions make compliance with the decree substantially more onerous, a decree proves to be unworkable because of unforeseen obstacles, or enforcement of the decree without modification would be detrimental to the public interest.  See id. at 384.  Courts should exercise flexibility in considering modification requests in prison-reform litigation.  Id. at 383.  To be "suitably tailored to the changed circumstance," the modification "must not create or perpetuate a constitutional violation," or "strive to rewrite a consent decree so that it conforms to the constitutional floor." Id. at 391.  We review for abuse of discretion a district court's ruling on a Rule 60(b)(5) motion.  See Nyberg v. City of Virginia, 667 F.2d 754, 758 (8th Cir. 1982), appeal dismissed, cert. denied, 462 U.S. 1125 (1983). "An abuse of discretion will only be found if the district court's judgment was based on clearly erroneous factual findings or erroneous legal conclusions." Flannery v. TransWorld Airlines, Inc., 160 F.3d 425, 427 (8th Cir. 1998).

We conclude that the district court did not abuse its discretion in modifying the consent decree.  The unrebutted evidence shows an unanticipated increase in MDOC's inmate population during the mid-1990s that has caused a significant housing shortage resulting in the use of makeshift or out-of-state housing, thus making compliance with the decree substantially more onerous and detrimental to the public interest.  We further

-5-

conclude that the inmates' argument that the modification is not suitably tailored because it results in unconstitutional living conditions lacks merit. The record does contain evidence that the number of violations for minor assaults among inmates increased from 25 to 36, and for fighting from 103 to 126, after the inmate population increased to 1,475 in 1992. In 1995, there were eight more minor-assault and 43 more fighting violations than in 1994. After carefully considering this evidence, the district court concluded that the increase in staff, with increased proximity of correctional officers to inmates, militated against an increase in such incidents. Given the district court's familiarity with the conditions at MCC, we cannot say that it erred in so concluding. As to the decreased freedom of movement, we note the inmates did not offer any evidence at the evidentiary hearing concerning how the changes made to accommodate the population increase affected PC inmates' freedom of movement; thus, the inmates' argument that the state misrepresented the effect of the population increase on PC inmates is not persuasive. We conclude that the district court did not clearly err in finding that the improved physical conditions of confinement and staffing increases enabled MCC to house the additional 300 inmates under conditions not violative of the Constitution.[4]

As to the denial of the inmates' new trial motion, we review for a clear abuse of discretion. See Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (standard of review for Rule 59(e) motion); Hannah v. Haskins, 612 F.2d 373, 376 (8th Cir. 1980) (standard of review for Rule

---

[4]Although the inmates contend that the district court failed to make the requisite findings under the PLRA, the state did not ask for relief under the PLRA, and the inmates did not raise any PLRA-based argument below. See United Waste Sys. of Iowa, Inc. v. Wilson, 189 F.3d 762, 768 n.4 (8th Cir. 1999) (declining to address arguments raised for first time on appeal); cf. Small v. Hunt, 98 F.3d 789, 794 (4th Cir. 1996) (declining to consider provisions of PLRA where it was not in effect at time of district court's order, and state did not request remand and reconsideration by district court under PLRA).

59(a) motion). Rule 59 motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments that could have been offered or raised prior to entry of judgment. See Innovative Home Health Care, Inc., 141 F.3d at 1286. Because the record indicates that open-movement in Unit 2B was eliminated well before the permanent modification order, we conclude on this basis alone that the district court did not abuse its discretion in denying the Rule 59 motion. Cf. Liberty Mut. Ins. Co. v. FAG Bearings Corp., 153 F.3d 919, 924 (8th Cir. 1998) (denial of Rule 60(b) motion based on newly discovered evidence not abuse of discretion where movant failed to show it exercised due diligence to discover new evidence before summary judgment order was issued).

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.