# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3516

_____

| | | |
|---|---|---|
| Earnest Conrod, Jr., | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas |
| United States Bureau of Prisons, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted: September 30, 2005
Filed: October 25, 2005

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Earnest Conrod, Jr., a federal inmate, appeals from the final judgment entered in the District Court[1] for the Eastern District of Arkansas granting summary judgment to the Bureau of Prisons (BOP) in Conrod's Privacy Act action, in which he alleged that defendants falsely labeled him as a gang member in his inmate central file in retaliation for his refusal to have his court-ordered fine deducted from his prison

_____

[1]The Honorable Garnett Thomas Eisele, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas.

wages. He also appeals from the district court's denial of his postjudgment motion for reconsideration. For reversal, he argues that he proved a prima facie violation of the Privacy Act. For the reasons discussed below, we affirm the judgment of the district court.

Upon de novo review, see Hallgren v. United States Dep't of Energy, 331 F.3d 588, 589 (8th Cir. 2003), we conclude that Conrod did not demonstrate that the BOP willfully and intentionally failed to maintain records in a manner reasonably necessary to assure fairness. See Deters v. United States Parole Comm'n, 85 F.3d 655, 657 (D.C. Cir. 1996) (describing elements of prima facie Privacy Act claim). Regardless of whether the gang-associate reference was inaccurate, we see no evidence that the BOP included the reference with the requisite intent and wilfulness. Conrod tried to connect his refusal to pay his fine with the inclusion of the gang reference some three months later, but neither the prison staff member who overheard Conrod speaking with other gang associates about an assault, nor the person who wrote an internal report that named Conrod as one of sixty inmates involved in a gang disturbance, was involved in the fine-payment dispute. Further, after Conrod was named as a gang associate in the internal report, subsequent transfer memoranda merely restated what this report had said. See id. at 660 (agency acts in intentional or willful manner by committing act without grounds for believing it to be lawful or by flagrantly disregarding others' rights under Privacy Act); Laningham v. United States Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (per curiam) (violation must be so patently egregious and unlawful that anyone undertaking conduct should have known it unlawful).

We also conclude that the district court did not abuse its discretion in denying Conrod's motion for reconsideration. See Parton v. White, 203 F.3d 552, 556 (8th Cir.) (per curiam) (standard of review), cert. denied, 531 U.S. 963 (2000).

Accordingly, we affirm.

_____

-2-