United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-2071

_____

Jennifer N. Kocher; Darlene Kocher;   *
Carl Kocher;   *
       *
   Appellants,    *
       *
  v.      *
       * Appeal from the United States
Dow Chemical Company;   * District Court for the
E.I. du Pont de Nemours & Company; * District of Minnesota
       *
   Appellees.    *

_____

Submitted: November 18, 1997
Filed: December 29, 1997

_____

Before BOWMAN, LAY, and MURPHY, Circuit Judges.

_____

BOWMAN, Circuit Judge.

This lawsuit is one of many brought by plaintiffs throughout the United States against Dow Chemical, DuPont, and other defendants for injuries resulting from jaw implants called temporomandibular joint ("TMJ") implants. In these lawsuits both Dow Chemical and DuPont have enjoyed consistent success. In 1994, all the TMJ cases then pending in federal court were consolidated in the District of Minnesota. The

District Court[1] granted summary judgment for DuPont and Dow Chemical. This Court affirmed. See Temporomandibular Joint (TMJ) Implant Recipients v. E.I. DuPont de Nemours & Co. (In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.), 97 F.3d 1050 (8th Cir. 1996); Temporomandibular Joint (TMJ) Implant Recipients v. Dow Chem. Co. (In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.), 113 F.3d 1484 (8th Cir. 1997). The District Court also ordered that judgment be entered for DuPont and Dow Chemical in any subsequent "tag-along" TMJ cases that might come before it.

On December 22, 1994, the plaintiff,[2] Jennifer Kocher, sued Dow Chemical, DuPont, and several other defendants for injuries resulting from her TMJ implant. She sued them in Pennsylvania state court. On September 15, 1995, one of the defendants, Dow Corning, filed a notice of removal seeking to remove the claims against it to federal court. Federal jurisdiction was based on Dow Corning's bankruptcy. See 28 U.S.C. § 1334 (1994). Dow Corning's notice of removal listed Kocher's claims against it and the other defendants' crossclaims against it, but it did not list Kocher's claims against the other defendants. The District Court for the Eastern District of Pennsylvania, apparently misreading the removal petition, took jurisdiction over all the claims in the case. The Judicial Panel on Multidistrict Litigation later transferred the case to the District Court for the District of Minnesota, and on December 11, 1995, that court entered judgment for Dow Chemical and DuPont pursuant to its prior orders directing the entry of judgment in all tag-along TMJ cases. Kocher did not directly appeal the judgments but later moved to vacate the judgments under Federal Rule of Civil Procedure 60. The District Court denied the motion, and Kocher now appeals. We affirm.

---

[1]The Honorable Paul A. Magnuson, Chief Judge, United States District Court for the District of Minnesota.

[2]The other plaintiffs, Darlene Kocher and Carl Kocher, are Jennifer Kocher's parents.

Before proceeding to Kocher's arguments we will address a preliminary question: do we have jurisdiction over this appeal? United States Courts of Appeals have jurisdiction over only "final decisions" of district courts. 28 U.S.C. § 1291 (1994). In this case the District Court has not issued a final order disposing of all the claims against all the parties. Instead the District Court granted summary judgment to Dow Chemical and DuPont but left unresolved Kocher's claims against the other defendants and the defendants' crossclaims against one another.[3]

Generally an order must resolve all the claims of all the parties in order to constitute a final, appealable judgment. See Fed. R. Civ. P. 54(b). Rule 54(b) provides an exception to this principle: a district court "may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." In this case, before Kocher's suit ever came to the District of Minnesota, the District Court entered judgment for both Dow Chemical and DuPont in the other TMJ cases then pending before it. The court entered these judgments as final judgments in accordance with Rule 54(b) and also ordered that judgment be entered for Dow Chemical and DuPont in any tag-along TMJ cases that later might be transferred to it. When Kocher's suit subsequently was transferred to the District of Minnesota, the District Court granted summary judgment for Dow Chemical and DuPont pursuant to these orders. We hold that the judgments for Dow Chemical and DuPont in this case satisfy Rule 54(b) because they were based on the 54(b) orders in the prior TMJ cases and thus unquestionably were intended to be final for purposes of appeal. We therefore have jurisdiction over this appeal. See United States v. Glenn, 585 F.2d 366, 367 n. 2 (8th Cir. 1978) (holding that order could be appealed because,

---

[3]The District Court has not addressed any of the claims against Dow Corning because they are subject to the automatic stay resulting from Dow Corning's bankruptcy.

"[a]lthough the district court did not make an express finding, there is no doubt that the district court intended its orders to be final judgments for purposes of appeal"); <u>Kelly v. Lee's Old Fashioned Hamburgers, Inc.</u>, 908 F.2d 1218, 1220 (5th Cir. 1990) (en banc) (per curiam) ("Where . . . language in the order either independently or together with related parts of the record reflects the trial judge's clear intent to enter a partial final judgment under Rule 54(b), we consider the order appealable.").

Having established our jurisdiction, we turn to Kocher's first argument, which is that the District Court wrongly denied her motion to vacate the judgments under Federal Rule of Civil Procedure 60(a).  That rule authorizes courts to correct errors in judgments when those errors are the result of clerical mistakes.  We review denials of Rule 60(a) motions for abuse of discretion.  <u>See</u> <u>Alpern v. UtiliCorp United, Inc.</u>, 84 F.3d 1525, 1539 (8th Cir. 1996).  Kocher contends that the judgments were the result of a clerical mistake because the notice of removal did not list her claims against Dow Chemical and DuPont, and those claims therefore never would have been in federal court but for an error of the federal court in Pennsylvania in reading the notice.  The merit of this argument depends on the meaning of "clerical mistake."

Under Rule 60(a) a court may correct a judgment "so as to reflect what was understood, intended and agreed upon by the parties and the court."  <u>United States v. Mansion House Ctr. N. Redev. Co.</u>, 855 F.2d 524, 527 (8th Cir.) (per curiam), <u>cert. denied</u>, 488 U.S. 993 (1988).  As said by the Second Circuit, Rule 60(a) "permits only a correction for the purpose of reflecting accurately a decision that the court actually made."  <u>Truskoski v. ESPN, Inc.</u>, 60 F.3d 74, 77 (2d Cir. 1995) (per curiam).  In this case the District Court intentionally exercised jurisdiction over the claims against Dow Chemical and DuPont and intentionally granted them summary judgment.  Nothing in the record suggests that the District Court intended not to enter these judgments.  The judgments may have been inappropriate because of the mistaken reading of the removal notice in the federal court in Pennsylvania (an issue we need not and do not decide),

but they were not founded upon a clerical error of the District Court.  The District Court did not abuse its discretion in denying Kocher's Rule 60(a) motion.

Kocher next argues that the judgments were void for lack of subject matter jurisdiction and that the District Court therefore erred by denying her motion to vacate the judgments under Federal Rule of Civil Procedure 60(b)(4).  "[R]elief from void judgments is not discretionary."  Chambers v. Armontrout, 16 F.3d 257, 260 (8th Cir. 1994).  Under Rule 60(b)(4), a district court may vacate a void judgment.  A party may not use a Rule 60(b)(4) motion as a substitute for a timely appeal.  See Kansas City Southern Ry. Co. v. Great Lakes Carbon Corp., 624 F.2d 822, 825 n.4 (8th Cir.) (en banc), cert. denied, 449 U.S. 955 (1980).  In other words, if a party fails to appeal an adverse judgment and then files a Rule 60(b)(4) motion after the time permitted for an ordinary appeal has expired, the motion will not succeed merely because the same argument would have succeeded on appeal.  See id.  In this case Kocher did precisely what Kansas City Southern forbids.  The District Court entered judgment for Dow Chemical and DuPont on December 11, 1995.  Kocher did not appeal the judgments within the thirty days allowed by Federal Rule of Appellate Procedure 4(a)(1).  Instead she waited until July 31, 1996, and then filed her Rule 60 motion.  Kocher maintains that she was not notified of the judgments until she received a letter informing her of them from counsel for Dow Chemical on May 29, 1996.  The record suggests otherwise: three days after the District Court entered judgment against her, Kocher received a docket sheet noting the judgments.  Even if Kocher is correct, however, she still used Rule 60(b)(4) as a substitute for a timely appeal.  As we explained in Zimmer St. Louis, Inc. v. Zimmer Co., 32 F.3d 357, 360 (8th Cir. 1994), Federal Rule of Appellate Procedure 4(a)(6) permits a party who did not receive timely notice of a judgment to file a motion to reopen the time to appeal for fourteen days; this motion must be filed within 180 days of the judgment or within seven days of receipt of notice of the judgment, whichever is earlier.  This rule sets the limit on the extra time to appeal that a party may gain from lack of notice.  See Fed. R. Civ. P. 77(d); Zimmer, 32 F.3d at 360.  After receiving the letter from counsel for Dow Chemical, Kocher did

not file a motion under Federal Rule of Appellate Procedure 4(a)(6). Instead she tarried over two months before filing her Rule 60 motion. That was far longer than the time she would have been allowed to appeal under Rule 4(a)(6) if she had filed a motion to reopen the time for appeal as that rule requires. Thus Kocher did employ Rule 60(b)(4) as a substitute for the timely appeal she never filed.

Still, Kocher's Rule 60(b)(4) motion nevertheless may succeed, but not simply because the District Court lacked jurisdiction over her claims. Instead, the motion can succeed only if the absence of jurisdiction was so glaring as to constitute a "total want of jurisdiction" or a "plain usurpation of power" so as to render the judgment void from its inception. Kansas City Southern, 624 F.2d at 825 (internal quotation marks omitted). The Second Circuit has explained that a judgment is not void for lack of subject matter jurisdiction unless "no arguable basis" for jurisdiction existed. Nemaizer v. Baker, 793 F.2d 58, 65 (2d Cir. 1986) (citing Lubben v. Selective Serv. Sys. Local Bd. No. 27, 453 F.2d 645, 649 (1st Cir. 1972)). Accordingly, we must determine whether an arguable basis for jurisdiction over Kocher's claims existed. Kocher contends that the District Court lacked jurisdiction for two reasons: 1) the notice of removal did not list the claims against parties other than Dow Corning and therefore those claims were not properly removed to federal court; and 2) those claims were not sufficiently related to Dow Corning's bankruptcy to give the District Court jurisdiction under 28 U.S.C. § 1334.

One could plausibly argue that the District Court did have jurisdiction over the claims against Dow Chemical and DuPont despite the absence of those claims from the removal petition. In Caterpillar Inc. v. Lewis, 117 S. Ct. 467, 471 (1996), the Supreme Court held that improper removal of a case "is not fatal to the ensuing adjudication if federal jurisdictional requirements are met at the time judgment is entered." In Caterpillar the removal was defective because complete diversity did not exist at the time the notice of removal was filed. Prior to trial, however, the nondiverse defendant dropped out of the suit, thus restoring complete diversity. The Court held that despite

the improper removal the judgment was not void, because the requirements of federal jurisdiction were fulfilled at the time of the trial and the judgment. In accordance with that holding, one could argue that the absence from the removal petition of Kocher's claims against DuPont and Dow Chemical means that the removal of those claims was merely improper and not a jurisdictional defect that would render the judgment void. In addition, in Caterpillar the Court observed that by the time of the appeal the case had already been tried and "considerations of finality, efficiency, and economy [had] become overwhelming." Id. at 476. The same concerns are present in this case. Although Kocher's claims did not proceed to trial, the District Court adjudicated hundreds of analytically indistinguishable claims in the multidistrict litigation over which it presided in 1994 and 1995. In that litigation the court granted summary judgment for both Dow Chemical and DuPont. It entered judgment against Kocher pursuant to its prior orders. The need for finality militates in favor of allowing the District Court's decision to stand. For these reasons the District Court did have an arguable basis for jurisdiction over these claims even though they were not listed in the notice of removal.

Kocher also contends that the District Court did not have jurisdiction under 28 U.S.C. § 1334(b), which provides for federal jurisdiction over claims "related to" Title 11 bankruptcy cases. One could argue to the contrary. Dow Corning filed for bankruptcy in 1995 and then removed Kocher's claims against it to federal court. The sole basis for federal jurisdiction over Kocher's claims was 28 U.S.C. § 1334(b). DuPont and Dow Chemical argue that Kocher's claims against them were related to Dow Corning's bankruptcy because, if Kocher had prevailed, they could have sued Dow Corning for indemnification. A claim is "related to" a bankruptcy case within the meaning of § 1334(b) if it "could conceivably have any effect" on the bankruptcy estate. Abramowitz v. Palmer, 999 F.2d 1274, 1277 (8th Cir. 1993) (internal quotation marks omitted). In Lindsey v. O'brien (In re Dow Corning Corp.), 86 F.3d 482, 490 (6th Cir. 1996), cert. denied, 117 S. Ct. 718 (1997), which involved the breast implant litigation against Dow Corning and other defendants, the Sixth Circuit held that federal

jurisdiction did exist over the claims against the defendants other than Dow Corning because those claims were related to Dow Corning's bankruptcy. The court based its holding in part on the other defendants' potential indemnification claims against Dow Corning. See id. at 490-94. Kocher's claims against Dow Chemical and DuPont bear precisely the same relation to Dow Corning's bankruptcy as did the plaintiffs' claims against the nondebtor defendants in In re Dow Corning Corp. Following the rationale of that decision, it is at least arguable that Kocher's claims against Dow Chemical and DuPont conceivably could affect Dow Corning's bankruptcy estate and thus are "related to" the bankruptcy case. Thus, for this reason also, we hold that the District Court did have an arguable basis for jurisdiction over Kocher's claims against Dow Chemical and DuPont, although we express no opinion as to whether the District Court was in fact correct to exercise jurisdiction over these claims. We conclude that the District Court correctly denied Kocher's Rule 60(b)(4) motion.

Kocher's final argument is that the District Court wrongly denied her motion under Rule 60(b)(6), which authorizes courts to vacate judgments for "any other" proper reason. Kocher essentially repeats the arguments she makes under Rules 60(a) and 60(b)(4). Rule 60(b)(6) cannot serve as a substitute for an ordinary appeal, even where a party did not receive timely notice of the judgment against her. See Zimmer, 32 F.3d at 360-61. Because Kocher did not file a timely appeal from the judgments, this contention fails.

We affirm the judgments for Dow Chemical and DuPont.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.