# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

Nos. 02-3244/03-2853

_____

| | |
|---|---|
| Charmaine Hunter, | * |
| | * |
| Appellant, | * |
| | * |
| v. | * |
| | * |
| Russell Underwood, in his official | * |
| capacity as Director, Section 8 | * |
| Housing Authority, City of Des | * |
| Moines, | * |
| | * |
| Appellee. | * |

_____

No. 03-2040

_____

Appeals from the United States
District Court for the
Southern District of Iowa.

| | |
|---|---|
| Charmaine Hunter, | * |
| | * |
| Appellant, | * |
| | * |
| v. | * |
| | * |
| Russell Underwood, Teresa Taylor, | * |
| Tangela Weiss, City of Des | * |
| Moines, City of Des Moines | * |
| Municipal Housing Authority, | * |
| | * |
| Appellees. | * |

[PUBLISHED]

Charmaine Hunter,                       *
                                        *
          Appellant,                    *
                                        *
     v.                                 *
                                        *
City of Des Moines Municipal            *
Housing Agency,                         *
                                        *
          Appellee.                     *

_____

Submitted: December 19, 2003
Filed: April 1, 2004
_____

Before LOKEN, Chief Judge, WOLLMAN and HANSEN, Circuit Judges.
_____

HANSEN, Circuit Judge.

Charmaine Hunter brings four separate appeals relating to attempts by the City of Des Moines Municipal Housing Authority (hereinafter "the Des Moines Housing Authority" or "the Housing Authority") to terminate her public housing lease. We

consolidated these appeals for purposes of hearing oral argument,[1] but we consider and rule on each appeal separately.

I.

On October 26, 1988, Hunter entered into a public housing dwelling lease with the Des Moines Housing Authority, a state agency. The lease is a 30-day lease, which provides for automatic renewal upon advance payment of the rent. The lease requires Hunter, among other things, to provide accurate information as to her income and family composition at least once each year. As the renter, Ms. Hunter agrees not to provide lodging to boarders but to use the premises solely for her household as identified in the lease. The lease also provides that the Des Moines Housing Authority shall not terminate the lease other than for serious or repeated violations of its material terms and that the Housing Authority shall give a 30-day notice prior to termination of the lease. The renter may request a hearing in accordance with the Des Moines Housing Authority's grievance procedure to challenge the lease termination.

On April 27, 2001, the Des Moines Housing Authority served Hunter with notice that her lease would terminate in 30 days on the grounds that Hunter had violated the lease provisions and public housing regulations by not reporting gambling income, by not reporting an unauthorized boarder, and by allowing illegal drug activity on the premises. Hunter invoked the grievance procedure and appealed the lease termination to a hearing examiner. The hearing examiner upheld the lease termination decision, concluding that the allegations of illegal drug activity were too remote to be a factor here but that Hunter had violated her lease by not reporting

---

[1]On the morning when oral argument was scheduled for these appeals in St. Paul, Minnesota, Hunter's counsel informed the clerk's office by telephone from Des Moines that he was unable to attend due to illness. Accordingly, the court took the cases under submission without hearing oral argument.

gambling income and by permitting an unauthorized boarder to live on the premises. Hunter then filed suit in federal district court seeking judicial review of the Housing Authority's termination decision. Neither the parties nor the district court questioned subject matter jurisdiction at that time. The district court[2] affirmed the hearing officer's decision on July 23, 2001, concluding that substantial evidence existed in the record to support the hearing officer's conclusion that Hunter had violated her lease. Hunter did not appeal this decision.

Because Hunter did not vacate the property on May 31, 2001, as required by the initial 30-day notice of termination, the Des Moines Housing Authority served her with a 3-day notice to quit on June 8, 2001. When she had not vacated the property after 3 days, the Des Moines Housing Authority commenced a state law forcible entry or detention of real property action pursuant to Iowa Code Chapter 648 in Polk County Small Claims Court. On August 7, 2001, the small claims court entered judgment for the Des Moines Housing Authority on grounds of issue preclusion, noting that the federal court had already determined that the termination of the lease was proper. The small claims court ordered Hunter to vacate the premises by August 13, 2001.

Hunter appealed the small claims court decision to the state district court, which reversed on the basis of state landlord-tenant law. The state district court held, among other things, that the Des Moines Housing Authority had not complied with Iowa's requirement of providing a 7-day notice to cure before terminating a dwelling

---

[2]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

4

lease. Iowa Code § 562A.27(1) (2001).[3] The Supreme Court of Iowa denied discretionary review.

In January 2002 (prior to the legislature's amendment of the statute to eliminate the 7-day notice to cure for federal public housing leases), the Des Moines Housing Authority again served Hunter with a 30-day notice of lease termination, citing her longstanding violations of the public housing rental agreement. The notice did not provide a 7-day opportunity to cure the claimed violations. Hunter did not vacate the property.

On April 3, 2002, Hunter returned to federal district court and filed a Rule 60(b)(5) motion for relief from the judicial review decision dated June 23, 2001, asserting that it was no longer equitable to give that judgment prospective application because the state court had since ruled that the notice of termination was inadequate due to its failure to provide written notice of a 7-day window to cure the alleged

---

[3]The 2003 Iowa Legislature added a new subsection 5 to this statute, which states in its entirety:

> Notwithstanding any other provisions of this chapter, a municipal housing agency established pursuant to chapter 403A may issue a thirty-day notice of lease termination for a violation of a rental agreement by the tenant when the violation is a violation of a federal regulation governing the tenant's eligibility for or continued participation in a public housing program. The municipal housing agency shall not be required to provide the tenant with a right or opportunity to remedy the violation or to give any notice that the tenant has such a right or opportunity when the notice cites the federal regulation as authority.

2003 Iowa Legis. Serv. Ch. 154 (West) (S.F. 359). Thus, the 7-day notice to cure is no longer required, and a 30-day notice now satisfies the state law, where termination of the lease is based on the violation of a federal regulation governing eligibility for a public housing program.

5

violations of the lease, as provided in Iowa law. The federal district court denied the motion concluding that there was no showing that the adequacy of the written notice had been an issue before it when it made the original judicial review determination. Hunter then filed a Rule 59(e) motion to alter or amend the judgment, citing the same reason, and the district court denied this motion as well. Hunter appeals.

On April 5, 2002, Hunter filed a 42 U.S.C. § 1983 complaint in federal district court against the Housing Authority and several of its individual agents, alleging that they violated her federal right of due process by attempting to terminate her federally subsidized lease without proper notice to cure as required by Iowa law. The district court dismissed the § 1983 action for failure to state the violation of a federal or constitutional right. The district court denied Hunter's motion to alter or amend the judgment, and Hunter appeals the dismissal of her § 1983 claim.

While all of that was working its way through the federal district court, Hunter requested another administrative hearing, this time challenging the Housing Authority's second attempt to terminate her lease, dated January 2002. The hearing officer ruled on November 12, 2002, that the written notice was sufficient and that no notice to cure is required where the alleged breach cannot be remedied. The Des Moines Housing Authority then returned to state court and filed another forcible entry and detainer of real property action in an effort to remove Hunter from the premises. The state district court once again dismissed the action due to the Housing Authority's failure to give the 7-day notice to cure under state landlord-tenant law.

On December 5, 2002, Hunter returned to federal court, this time seeking judicial review of the Des Moines Housing Authority's second attempt to terminate her lease dated January 2002. Hunter alleged that the Housing Authority had not properly terminated her lease because the termination notice lacked the 7-day notice to cure required by Iowa law. The district court dismissed this suit, concluding that the Des Moines Housing Authority is a state agency whose decisions are not subject

to review under the federal Administrative Procedure Act and that, in any event, the doctrine of res judicata bars the action. Hunter appeals.

Finally, on May 14, 2003, while Hunter's appeal of her first Rule 60(b) motion challenging the July 23, 2001, judicial review decision was still pending before this court, Hunter filed in federal district court a second Rule 60(b) motion, asserting a new reason why the July 23, 2001, judgment should be set aside. Hunter for the first time argued that the court had no jurisdiction to make the judicial review decision of July 23, 2001, because the Housing Authority is not a federal agency within the meaning of the Administrative Procedure Act. Therefore, Hunter asked the district court to declare the judgment void. The district court denied this second Rule 60(b) motion noting that the case was already before this court on appeal of Hunter's first Rule 60(b) motion. Hunter now also appeals the denial of her second Rule 60(b) motion.

## II.
## A.

In her first appeal, Hunter challenges the district court's denial of her Rule 60(b)(5) motion, asserting that, in light of the subsequent state court ruling that the notice provision was inadequate, it is not equitable to give prospective application to the district court's July 23, 2001, judgment. We review the denial of Rule 60(b)(5) relief for an abuse of discretion, and an abuse will be found only where "the district court's judgment was based on clearly erroneous factual findings or erroneous legal conclusions." Parton v. White, 203 F.3d 552, 556 (8th Cir.) (internal quotation marks omitted), cert. denied, 531 U.S. 963 (2000). We find no abuse of discretion in the district court's denial of Hunter's Rule 60(b)(5) motion. The subsequent state court ruling in this case held that the notice provision of the lease termination was inadequate under state law. The district court properly concluded that the state court judgment did not impact the validity of its determination that the Housing Authority

correctly concluded it had grounds on which to terminate Hunter's lease, where the adequacy of the notice under state law was not at issue. We thus affirm the district court's denial of Hunter's Rule 60(b)(5) motion in Appeal No. 02-3244.

While Appeal No. 02-3244 was pending before this court, Hunter filed a second Rule 60(b) motion in district court, attacking the same July 23, 2001, judicial review decision. She argued that the judgment was void for lack of jurisdiction under Rule 60(b)(4). She also sought relief under Rule 60(b)(5) for the same reasons articulated in her first motion and under Rule 60(b)(6), which allows the court to vacate a judgment for "any other" proper reason. The district court denied the motion noting that the case was already on appeal to this court and nothing remained to be decided. Hunter now appeals the denial of her second Rule 60(b) motion in Appeal No. 03-2853.

We first consider our jurisdiction to hear this appeal. "Every federal court has the inherent power to determine as a preliminary matter its own subject matter jurisdiction." Gaines v. Nelson (In re Gaines), 932 F.2d 729, 731 (8th Cir. 1991). As a general rule, "'a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court o[f] its control over those aspects of the case involved in the appeal.'" Liddell v. Bd. of Educ., 73 F.3d 819, 822 (8th Cir. 1996) (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982)). Our case law, however, permits the district court to consider a Rule 60(b) motion on the merits and deny it even if an appeal is already pending in this court, and a separate appeal may thereafter be taken to challenge the denial. See Winter v. Cerro Gordo County Conserv. Bd., 925 F.2d 1069, 1073 (8th Cir. 1991); Pioneer Ins. Co. v. Gelt, 558 F.2d 1303, 1312 (8th Cir. 1977) (noting also that if, on the other hand, the district court decides to grant the motion, the parties should request the court of appeals to remand the case so a proper order can be

8

entered). Since the district court denied the motion, Appeal No. 03-2853 is properly before us.

Relief under Rule 60(b) is an extraordinary remedy that lies within the discretion of the trial court, Design Classics, Inc. v. Westphal (In re Design Classics, Inc.), 788 F.2d 1384, 1386 (8th Cir. 1986), but relief from a void judgment pursuant to Rule 60(b)(4) is not discretionary, Kocher v. Dow Chem. Co., 132 F.3d 1225, 1229 (8th Cir. 1997). We note that neither a Rule 60(b)(4) nor a Rule 60(b)(6) motion may be used as a substitute for a timely appeal of a judgment. Id. at 1229, 1231. Hunter did not appeal the July 23, 2001, judicial review decision from which she sought Rule 60(b) relief. Instead she employs this motion as a substitute for an appeal she never filed. We bear in mind, however, that the appeal of the denial of a Rule 60(b) motion does not raise the underlying judgment for our consideration and review but only presents the merits of the Rule 60(b) motion for our consideration. Sanders v. Clemco Indus., 862 F.2d 161, 169 (8th Cir. 1988).

Where a party has failed to appeal an adverse judgment, her Rule 60(b)(4) motion will not succeed merely because the same argument would have been successful on direct appeal. Kocher, 132 F.3d at 1229. A Rule 60(b)(4) motion to void the judgment for lack of subject matter jurisdiction will succeed only "if the absence of jurisdiction was so glaring as to constitute a 'total want of jurisdiction' or a 'plain usurpation of power' so as to render the judgment void from its inception." Id. at 1230 (quoting Kansas City So. Ry. v. Great Lakes Carbon Corp., 624 F.2d 822, 825 (8th Cir.) (en banc), cert. denied, 449 U.S. 955 (1980)). "Stated another way, such plain usurpation of power occurs when there is a 'total want of jurisdiction' as distinguished from 'an error in the exercise of jurisdiction.'" Kansas City S. Rwy., 624 F.2d at 825.

We conclude that the judgment in this case is not void within the meaning of Rule 60(b)(4). The complaint alleged jurisdiction under the Administrative

Procedure Act (APA), 5 U.S.C. §§ 702, 706 (2000), asserted violations of the federal public housing statutes and their implementing regulations, and sought declaratory relief for the agency's alleged violation of federal law and regulations in terminating her public housing lease. The district court generally is vested with power to deal with cases involving the implementation of federal statutes through federal regulations, and to review agency action under the APA. Hunter argues that the court lacked jurisdiction because the Housing Authority is not a federal agency subject to review under the APA. Nevertheless, the allegations in her complaint provided the existence of an arguable basis for jurisdiction over Hunter's claims. An error in interpreting jurisdiction or in assessing jurisdictional facts does not render the judgment a complete nullity or a plain usurpation of power for purposes of Rule 60(b)(4), especially in this case where the party now complaining about a lack of subject matter jurisdiction brought the suit herself, never questioned the court's jurisdiction while the case was pending before the district court, lost on the merits, failed to appeal the judgment, and then belatedly challenged the district court's jurisdiction some two years after the entry of judgment. We conclude that the underlying judicial review judgment is not void under Rule 60(b)(4).

Hunter again asserts under Rule 60(b)(5) that it is not equitable to give prospective relief to the judgment in light of the subsequent state court order. We see no basis on which to revisit the same argument that we rejected with regard to Hunter's first motion. Likewise, her request to vacate the judgment for "any other" proper reason under Rule 60(b)(6) essentially repeats the arguments she made for relief from a void judgment under Rule 60(b)(4). We reject her Rule 60(b)(6) arguments for the same reasons we rejected her Rule 60(b)(4) motion–she cannot use Rule 60(b)(6) as a substitute for a timely appeal, and the underlying judgment, while perhaps lacking in subject matter jurisdiction, cannot be considered a total usurpation of power because there existed an arguable basis for jurisdiction. We find no abuse of discretion in the district court's denial of relief under either Rule 60(b)(5) or Rule 60(b)(6).

Accordingly, we affirm the district court's denial of Hunter's second Rule 60(b) motion in Appeal No. 03-2853.

B.

Hunter's third appeal (No. 03-2360) involves another attempt to seek judicial review of state agency action in federal court. Hunter filed this complaint under the APA, seeking judicial review of the Des Moines Housing Authority's January 2000 decision to terminate her lease. The district court dismissed the complaint upon concluding that the Des Moines Housing Authority is not an agency whose action is subject to review under the APA.

"[E]very federal appellate court has a special obligation to consider its own jurisdiction."[4] Schatz Family v. Gierer, 346 F.3d 1157, 1160 (8th Cir. 2003) (internal quotation marks omitted). "Lack of jurisdiction of the subject matter of litigation cannot be waived by the parties or ignored by the court." Rock Island Millwork Co. v. Hedges-Gough Lumber Co. 337 F.2d 24, 27 (8th Cir. 1964). "The appellate court must satisfy itself not only of its own jurisdiction but also that of the district court." Id. The case will be dismissed if subject matter jurisdiction is lacking, and "the appellate court's review is limited to determining whether the district court's application of the law is correct and, if the decision is based on undisputed facts, whether those facts are indeed undisputed." Trimble v. Asarco, Inc., 232 F.3d 946,

---

[4]For clarification, we note that the posture of this appeal is quite different from the two Rule 60(b) appeals we just discussed above. In the Rule 60(b) context, although the district court may well have lacked subject matter jurisdiction to enter the original judicial review determination, our review was limited by Hunter's failure to appeal the judgment, and we were not free to void that judgment absent a plain usurpation of power rendering the judgment void from its inception. Kocher, 132 F.3d at 1230. Here, we are presented with a direct appeal of the district court's dismissal of the case for lack of jurisdiction, and we are not constrained by the limitations of Rule 60(b)(4).

960 (8th Cir. 2000) (internal quotation marks omitted). If the district court made findings of disputed jurisdictional facts, we review those findings under the clearly erroneous standard. Id.

The APA defines "agency" as "each authority of the Government of the United States," subject to certain exceptions that are not applicable here. 5 U.S.C. § 701(b)(1). The APA does not grant federal courts jurisdiction to review actions of state or municipal agencies. The Des Moines Housing Authority is a state agency created pursuant to the authority granted in Iowa Code Chapter 403A. The agency provides federally subsidized public housing to low income families, but it is not a federal agency whose actions are governed by the APA. There is no allegation in the complaint that the Des Moines Housing Authority is an agency of the United States government. Instead, the complaint plainly indicates that it is an authority of the City of Des Moines.

Hunter argues that there is a disputed fact question concerning whether the Housing Authority is a federal agency in light of 42 U.S.C. § 1437 (2000) and its implementing regulations, which the Housing Authority must follow with regard to public housing leases. We respectfully disagree. We find nothing in these provisions that either grants federal agency status to the state agency or grants federal courts the jurisdiction to review the actions of local public housing agencies. Section 1437 simply declares the policy of the United States regarding public housing and dictates some membership requirements for these agencies. Section 1437d(k) requires public housing agencies to provide tenants with administrative grievance procedures.

In general, the federal regulations set forth specific provisions that must be included in public housing leases and that dictate public housing grievance procedures and hearing requirements. See 24 C.F.R. § 966.1. Hunter points to a federal regulation which states that a hearing decision denying relief "shall not . . . affect in any manner whatever, any rights the complainant may have to a trial de novo

12

or judicial review in any judicial proceedings, which may thereafter be brought in the matter." Id. § 966.57(c). This regulation, however, does not in any manner grant the right to judicial proceedings in federal court. None of the cited statutes or regulations provide any basis for federal judicial review of a state agency hearing officer's determinations. Accordingly, in Appeal No. 03-2360, we affirm the district court's decision to dismiss the complaint for want of jurisdiction.

C.

In Appeal No. 03-2040, Hunter argues that the district court abused its discretion in dismissing her 42 U.S.C. § 1983 complaint for failure to state a claim pursuant to Rule 12(b)(6). Section 1983 permits a plaintiff to bring suit only for the violation of federal rights secured by the Constitution or federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 279-80 (2002). Section 1983 is the proper means by which a public housing tenant may challenge the action of a state public housing agency that violates the United States Housing Act. See Wright v. City of Roanoke Redev. & Hous. Auth., 479 U.S. 418, 423-29 (1987) (permitting public housing tenants to bring a § 1983 suit to recover overcharges under the rent ceiling provision of 42 U.S.C. § 1437a, asserting they were deprived of their right to pay only a prescribed portion of their income as rent). Hunter's § 1983 complaint asserts that the Des Moines Housing Authority and its agents, Russell Underwood, Theresa Taylor, and Tangela Weiss, deprived her of her rights under the Due Process Clause and the federal Housing Act regulations by attempting to terminate her public housing dwelling lease without giving her a 7-day notice to cure as required by Iowa landlord-tenant law.

We begin with Hunter's assertion that she stated a valid § 1983 claim for the violation of federal rights under the Housing Act regulations. As noted above, certain provisions of the Housing Act provide rights that are enforceable under § 1983. See Wright, 479 U.S. at 423-29. It is incumbent on the plaintiff, however, to identify with

13

particularity the right she claims in order for the court to determine whether a federal statute creates a private right. Blessing v. Freestone, 520 U.S. 329, 342 (1997).

Hunter identified a general Congressional intent to benefit low-income families in the federal statutes, citing 42 U.S.C. §§ 1437 and 1437d. Hunter also argues that the 7-day notice to cure under Iowa law is incorporated as a federal right because the federal regulations authorize her to rely on state law governing eviction procedures when that law provides additional procedural rights, 24 C.F.R. § 247.6(c), and because the regulations provide that the Housing Authority may not evict her except by judicial action pursuant to state law, 24 C.F.R. § 247.6(a).

We conclude that Congress did not intend by these regulations to create a separate enforceable federal right to any particular additional state law eviction procedure. See Gonzaga, 536 U.S. at 283 (recognizing that "we must first determine whether Congress intended to create a federal right"). "Unless Congress speaks with a clear voice, and manifests an unambiguous intent to confer individual rights, federal funding provisions provide no basis for private enforcement by § 1983." Id. at 280 (internal quotation marks and alterations omitted). The federal Housing Act does not specifically incorporate Iowa's 7-day notice to cure provision as a federally guaranteed right. The references to state law in the regulations cited above permit a tenant to assert and rely on state law in the state court system to defend against an eviction by a public housing authority. The regulations, however, provide no indication that Congress intended to create a new federally enforceable private right to every such additional state law procedure.

As to Hunter's due process claim, we conclude that while the federal regulations refer to and authorize a tenant to rely on additional state law procedures when the landlord invokes state law eviction proceedings, those additional procedures are not essential to satisfy basic due process under the Constitution where the federally required procedures have been satisfied. See Mullane v. Cent. Hanover

14

Bank & Trust Co., 339 U.S. 306, 313 (1950) (stating that, at a minimum, the Due Process Clause requires that a deprivation be preceded by notice and an opportunity to be heard). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976) (internal quotation marks omitted). Hunter does not deny that she received a 30-day notice of her lease termination and notice of the grounds for termination as required in 42 U.S.C. § 1437d(l)(4)(C). She also received a grievance hearing before a hearing officer with an opportunity to be represented, to present evidence and to be heard, followed by a written decision on the merits pursuant to 42 U.S.C. § 1437d(k), and 24 C.F.R. § 966.56, .57. This federally mandated procedure is sufficient to satisfy any due process concerns regardless of any additional notice that might be provided by state law.

Federal law also provides that the grievance procedure may be bypassed and a state proceeding substituted, as long as the state proceeding provides adequate notice of the grounds for termination, the right to be represented by counsel, an opportunity to refute the evidence, and a decision on the merits. 24 C.F.R. § 966.53(c). By the very terms of the regulation, these procedural requirements are all that is necessary to satisfy the "elements of due process." Id. An alleged violation of additional state law procedures does not state a constitutional due process claim under § 1983.

We conclude that Hunter has not stated the violation of a federal or constitutional right, and accordingly, we affirm the district court's dismissal of the complaint in Appeal No. 03-2040.

D.

Hunter filed a motion with this court to strike the Appellees' brief in Appeal No. 03-2040, alleging various technical defects such as failing to include appropriate

15

references to the record and exceeding our rule's page limit for the summary of the case.  See 8th Cir. R. 28A(f).  Citations to the record are not necessary where no factual record exists, such as in the context of this Rule 12(b)(6) dismissal for failure to state a claim.  Furthermore, we conclude that the Appellees were fully justified in explaining the related nature of Hunter's four separate appeals in their case summary, even though the summary exceeded the one-page limit of our rule.  Accordingly, we deny the motion to strike in Appeal No. 03-2040.  We also deny Hunter's motion to strike the Housing Authority's brief and appendix in Appeal No. 03-2360, where Hunter alleged similar technical defects.

Finally, as noted above, Hunter's attorney informed our clerk's office by telephone on the morning when argument was scheduled that he was ill and could not attend the argument.  Upon receiving the last minute notice of illness, this court decided to take the case under submission without oral argument, and we granted leave to the Des Moines Housing Authority and its attorney, who was present in court and ready to argue, to file a motion for costs and attorneys' fees for the travel to St. Paul and for attorney time related to the canceled argument.  They have done so asserting that Hunter's attorney deliberately failed to appear or give adequate notice and that he acted with bad faith.  Such serious allegations, if proved true, would require us to discipline the offending attorney severely.  Hunter's attorney has responded to the motion and denies the allegations.

We find no evidentiary basis on which to make a bad faith determination or to conclude that Mr. Wright deliberately failed to appear at the argument or deliberately failed to give adequate notice of his illness.  It is regrettable that Mr. Wright did not notify the court earlier of his situation, but we realize that one cannot always accurately predict when illness will strike or assess an illness's potential severity in advance.  Accordingly, we must deny the Housing Authority's motion for costs and attorneys' fees on this basis.

Accordingly, we affirm the district court judgments in each of these appeals and deny all pending motions.

_____