# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3269

_____

AEI Income & Growth Fund 24, LLC;　*
AEI Income Management XXI, Inc.,　　*
its corporate managing member,　　　*
　　　　　　　　　　　　　　　*
　　　　　　Appellees,　　　　　　*
　　　　　　　　　　　　　　　*
　v.　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　*
George P. Parrish;　　　　　　　*
　　　　　　　　　　　　　　　*
　　　　　　Defendant,　　　　　* Appeal from the United States
　　　　　　　　　　　　　　　* District Court for the
Michael E. Quigley;　　　　　　　* District of Minnesota.
　　　　　　　　　　　　　　　*
　　　　　　Appellant,　　　　　*　[UNPUBLISHED]
　　　　　　　　　　　　　　　*
PQ Enterprises, LLC;　　　　　　*
　　　　　　　　　　　　　　　*
　　　　　　Defendant,　　　　　*
　　　　　　　　　　　　　　　*
Fruth, Jamison & Elsass, P.A.,　　　*
　　　　　　　　　　　　　　　*
　　　　　　Movant Below.　　　*

_____

Submitted: October 6, 2006
Filed: October 18, 2006

_____

Before SMITH, MAGILL, and BENTON, Circuit Judges.

_____

PER CURIAM.

Michael Quigley appeals from the district court's[1] adverse grant of summary judgment on a claim brought against him and others (defendants) by AEI Income & Growth Fund 24, LLC, and AEI Income Management XXI, Inc. (plaintiffs), alleging defendants breached a contract guaranteeing a third party's performance under a lease. Upon careful review, we affirm.

To begin, we note that we have jurisdiction under 28 U.S.C. § 1291 to review the district court's summary judgment decision notwithstanding another defendant's automatic stay in bankruptcy or the district court's reservation of plaintiffs' right to request additional attorneys' fees and costs. See Kocher v. Dow Chem. Co., 132 F.3d 1225, 1228-29 & n.3 (8th Cir. 1997) (notwithstanding automatic stay as to one defendant, court had jurisdiction under § 1291 to review judgments in favor of other defendants because district court's judgments "unquestionably were intended to be final for purposes of appeal"); Obin v. Dist. No. 9 of Int'l Ass'n of Machinists & Aerospace Workers, 651 F.2d 574, 584 (8th Cir. 1981) (motion for attorneys' fees raises claim that is collateral and independent of merits; thus, judgment on merits, if otherwise final, is final for purposes of appeal despite possibility of remaining attorneys' fees claim).

Turning to the issues raised by Quigley, we first hold that the district court did not abuse its discretion in declining to transfer venue to Texas. See Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 696 (8th Cir. 1997) (court did not abuse its discretion in weighing factors relevant to motion to transfer under 28 U.S.C. § 1404(a); factors include convenience of parties, convenience of witnesses, interests of justice, and any other relevant factors when comparing alternative venues). We also note that Quigley waived his choice-of-law argument, and, in any event, the

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

district court properly applied Minnesota law to interpret and enforce the contract, which expressly provided that it was executed and intended to be construed under Minnesota law. See P&O Nedlloyd, Ltd. v. Sanderson Farms, Inc., No. 05-3766, 2006 WL 2483520, at *2 n.3 (8th Cir. Aug. 30, 2006) ("[b]ecause choice of law is waived if not timely raised, we need not address the choice of law question for the first time on appeal"); Allianz Ins. Co. v. Sanftleben, 454 F.3d 853, 855 (8th Cir. 2006) (in diversity case, district court sitting in Minnesota applies Minnesota choice-of-law rules, which permit contracting parties to agree upon law that will govern contract).

Upon de novo review of the summary judgment decision, we agree with the district court that, under the clear and unambiguous terms of the contract, plaintiffs are entitled to judgment as a matter of law. See Winthrop Res. Corp. v. Eaton Hydraulics, Inc., 361 F.3d 465, 468-69 (8th Cir. 2004) (grant of summary judgment and determinations of state law are reviewed de novo); Lakeland Tool & Eng'g, Inc. v. Thermo-Serv, Inc., 916 F.2d 476, 481 (8th Cir. 1990) (where language of contract unambiguously expresses intent of parties, contract construction is question of law); cf. Nat'l City Bank v. Lundgren, 435 N.W.2d 588, 591-93 (Minn. Ct. App. 1989) (unconditional guarantee is separate obligation from principal obligation; where guarantee stated that guarantor's liability would be "absolute and unconditional" irrespective of invalidity or unenforceability of principal debt or defenses available to borrower, guarantor expressly waived his right to assert release of debtor as defense to enforcement of guarantee). To the extent Quigley now contends that he was induced by fraud into executing the contract, that issue was not raised in the district court and need not be addressed on appeal. See Int'l Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp., 380 F.3d 1084, 1096 (8th Cir. 2004) ("We ordinarily do not address issues that a party raises for the first time on appeal and failed to raise in the district court.").

The judgment of the district court is affirmed, and additionally plaintiffs' motion to strike is granted.  <u>See</u> 8th Cir. R. 47B.

_____